PER CURIAM.
—Upon a careful review of the evidence, we are of opinion that this case was properly submitted to the jury. We cannot find, as matter of law, that the deceased was guilty of contributory negligence. Nor can it be said that there was no exddence of negligence on the defendant’s part. The situation was a peculiar one. The deceased had exhibited unusual prudence in his preliminary movements. He looked carefully about him, and up and doxvn, before attempting to cross the1 avenue. He .saxv the car going uptoxvn, and he stopped and xvaited for it to pass. He then proceeded. But his progress and view were obstructed by a brewery xvagon, which passed between him and the car coining down toxvn. This downtown car slowed up to let the brexvery wagon pass. As it passed, the gripman started the car up suddenly. The deceased then found himself in a critical position. He xvas undoubtedly startled, and thrown somewhat off his balance,"by the sudden and precipitate start of the cable car. He hesitated, and jumped back. But it was too late, and he xxms struck by the rapidly advancing car. Whether the deceased sawQthis car at the moment he attempted to cross, or should have seen it; whether the attempt to cross just as the brexvery wagon got out of the xvay xvas a mere error of judgment, or a piece of , foolhardiness; xvhether it xxms exTen an error of judgment,— were all questions of fact proper for the consideration of the jury. So as to the conduct of the gripman. Whether he saw or should have seen the deceased in time to prevent the accident, and xvhether he caused an undue or violent propulsion of his car at the critical moment, "were questions fairly for the *969 jury. It is, upon the whole, impossible to sustain the defendant’s contention that there was neither evidence of the ■deceased’s freedom from contributory negligence nor circumstances from which such freedom could be inferred. It is •equally impossible tq sustain the contention that there was absolutely no evidence from which the gripman’s negligence •could properly be found or inferred. There are no exceptions •of any importance,—none which call for consideration.
The judgment should be affirmed, with costs.